Wilde, J.
The ground laid before us, to support the mo tion for a new trial, supposes sundry mistakes in both * judge and jury ; in relation to which I will now briefly state the opinion of the Court.
1. The first exception to the opinion of the judge, that parol evidence was allowed to go to the jury, to prove the sale of an interest in real estate, is founded on a mistake of the plaintiffs’ counsel. The evidence was rejected, as appears by the report; but, as the counsel on both sides adverted to and commented upon this evidence in their arguments to the jury, the judge, with good reason, supposed the objection to have been waived. The counsel for the plaintiffs mignt have insisted on their objection ; but, not having done it at the trial, they have now no just cause for complaint.
2. The second exception is, that the evidence respecting a license was submitted to the jury with instructions from, the judge allowing them a latitude, in their construction of the testimony, not warranted by law.
There can be nothing in this exception, unless a jury is bound to give a literal construction to words proved against a party, whatever may be their opinion as to his meaning. But it would be strange, indeed, if words, evidently spoken ironically or jocosely, must receive a literal construction in courts of law. The true principle of construction is, that words must be understood according to the obvious intention of the speaker ; and this intention is to be collected, not only from the words themselves, but from the manner in which they may be spoken, and the circumstances to which they may relate. In this light, we think the evidence was fairly submitted to the consideration of the jury.
3. In stating the opinion of the Court upon the remaining objec tion to the verdict, I shall not advert to all the facts in the case, some of which are of minor importance.
The general objection is, that the verdict is clearly against the weight of the evidence ; and, if this is established, justice doubtless requires the interposition of the Court.
* The injury complained of by the plaintiffs is, that the defendant erected an obstruction, or weir, in the stream, above the plaintiffs’ mill, whereby the water was diverted from its natural channel; by means of which the plaintiffs have been materially impeded in working their mill.
The erection of the weir was clearly proved, and the defendant attempted to justify it, first, by offering parol proof of a grant of the right to divert the water ; which, being rejected by the judge, as has been before noticed, he contended, that a grant should be presumed from the evidence of a claim and user of such a privilege for more than twenty years. But it may be doubted, if such claim and *410 user for twenty years previous to 1790 be sufficient to support the presumption of a grant, whether the non-claim and non-user since that time be not sufficient to rebut such a presumption. But, however this may be, it must be remembered, that the right claimed by the defendant previous to the year 1790 did not extend to the unlimited control of the water, but only to the exclusive use of it when there was not sufficient to work the mills on both sides of the stream; which cannot be considered as a sufficient justification for erecting a permanent obstruction in the stream, which may be injurious to the plaintiffs beyond the extent of the ancient usage and claim. The admission of such right, therefore, can only apply to the question of damages.
But the counsel for the defendant contend, that the obstruction complained of bad only the effect of restoring the relative state of the water, as it may'respect its operating power on the mills, which had been wrongfully disturbed by the plaintiffs, in digging and altering the bed of the river. These operations took place in 1805, and before ; and it is certified, that the weight of the evidence appeared to be, that the relative state of things then remained the same as before the digging and clearing out of the channel. If so, then clearly the erection of the weir *was an injury to the plaintiffs, and the verdict is against the weight of the evidence.
There was apparently some conflicting testimony ; but not so, perhaps, by any necessary construction. One witness testified1, that, after the erection of the obstruction, as much water would flow to the plaintiffs’ mill, as the river was in August, 1813, as would have flowed there had all the mills remained in their ancient state. This may be true, and not in opposition to the other evidence ; for, as the stream was low, perhaps no water would then have flowed to the plaintiffs’ mill, had no alteration been made in the bed of the river. But, whatever might have been the intention of the witness in confining his testimony, as to the relative state and course of the water, to a particular time, it is sufficient, to support the present motion, that the weight of the evidence, and the opinion of the judge who presided in the trial, is in opposition to the verdict; which cannot be sustained without disregarding established rules, and the apparent justice of the case.
The verdict must, therefore, be set aside, arid a

New trial granted.